UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
                    Plaintiff,                    Criminal No. 15-cr-20040

-v.-
                                                  Hon. Judith E. Levy

NICHOLAS SCOTT HALE,
                    Defendant.            Violations:  21 USC §§ 841(a)(1), 846; 18
                                                       USC §§ 2, 1956(a)(1)(A)(i),
                                                       (B)(i)-(ii), (h); 1957
                                          Offense(s):  Consp to possess with intent to
                                                       distrib & distrib controll'd
                                                       subst; Money Laundering
                                          Statutory Maximum
                                          Incarceration:              Life
                                          Statutory Minimum
                                          Incarceration:             10 yrs
                                          Statutory Maximum Fine: $10 million
                                          Statutory Minimum Fine: None
                                     /    Supervised Release:        ≥5 years

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant,

**Nicholas Scott Hale,** and the government agree as follows:

1.    **GUILTY PLEA(S)**

      A.    **Count(s) of Conviction**

Defendant will enter a plea of guilty to **Counts One and Three** of the

**Indictment,** which charge in Count One, **Conspiracy to Possess with Intent to**

1

Distribute a Controlled Substance, specifically, 1,000 kilograms or more of a substance containing a detectable amount of marijuana, for which the *maximum* penalty is **Life imprisonment and a $10,000,000.00 fine** and the *mandatory minimum* penalty is **10 years imprisonment,** and in Count Three, **Conspiracy to Launder Monetary Instruments**, for which the *maximum* penalty is **twenty years imprisonment and a fine of $500,000.00 or twice the value of the property involved in the conspiracy.** The government will dismiss any other counts against defendant in this case.

**B.    Elements of Offense(s)**

The elements of **Count One** *as applied in this case* are as follows:

**Conspiracy to Possess with Intent to Distribute Controlled Substances**
1) **defendant knowingly and intentionally entered into an agreement with others; and,**

2) **the purpose of the agreement was to possess with the intent to distribute a controlled substance, specifically, 1,000 kilograms or more of a substance containing a detectable amount of marijuana.**

The elements of **Count Three** *as applied in this case* are as follows:

**Conspiracy to Launder Monetary Instruments**
1) **defendant knowingly and intentionally entered into an agreement with others; and,**

2) **the purpose of the agreement was to commit an offense in violation of Title 18, United States Code, Section 1956 or 1957, specifically:**

2

(a) to conduct, or cause others to conduct, a "financial transaction" [as defined by 18 USC 1956(c)(4)] using cash, vehicles, real property, or any other property derived from drug trafficking proceeds,

(i) while knowing the property is the proceeds of at least <u>some</u> form of unlawful activity; and,

1. intending to promote drug trafficking; or,
2. knowing that the financial transaction was designed, in whole or in part, to conceal or disguise the nature, source, ownership, or control of these proceeds; or,
3. knowing that the financial transaction was designed, in whole or in part, to avoid a transaction reporting requirement;

OR,

(b) to engage in, or cause others to engage in, a "monetary transaction" [as defined by 18 USC 1957(f)(1)] with a "financial institution" such as a bank, credit union, money transmitter, real estate company, or car dealership, utilizing drug trafficking proceeds in an amount greater than $10,000.00,

(i) while knowing the proceeds are derived from at least <u>some</u> form of unlawful activity.

3

C.    Factual Basis for Guilty Plea(s)

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):

Between June 2006 and January 27, 2015, in the Eastern District of Michigan, Defendants Derrick White, LeShoun Byrd, Gregory Johnson, Jimmy McWherter and NICHOLAS HALE knowingly and intentionally entered into an agreement and conspired to possess with the intent to distribute over 1,000 kilograms of marijuana.

On at least roughly 22 occasions during the conspiracy, White and Byrd provided large amounts of bulk cash to McWherter and HALE in metro Detroit, which McWherter and HALE, while sometimes accompanied by traveling companions to appear less suspicious, transported to Phoenix, Arizona inside concealed compartments they had installed in their vehicles. In Phoenix, McWherter and HALE delivered the cash to White, Byrd, Johnson and others, who used the cash to purchase bulk marijuana which Byrd, Johnson and others delivered to McWherter and HALE in Arizona, who hid it hide inside the same concealed compartments. McWherter and HALE, while still sometimes accompanied by traveling companions, then transported the marijuana to Detroit and delivered it to White and Byrd for further distribution. In both, Phoenix and Detroit, White, Byrd, McWherter and HALE utilized drug proceeds to lease, purchase and maintain the apartments and houses that they used to receive and distribute the marijuana.

As part of this offense, in or about February 2010 White and Byrd provided bulk marijuana to McWherter and HALE in Arizona, which McWherter and HALE were transporting to Detroit, Michigan when law enforcement stopped them and, on that single occasion, seized approximately 2,800 pounds (1,270 kgs) of bulk marijuana from concealed compartments in their two vehicles. Cumulatively, over the course of roughly 22 trips between June 2006 and February 2010, alone, the quantity of marijuana received and possessed with the intent to distribute by White, Byrd, Johnson, McWherter and HALE well-exceeded 10,000 kilograms.

4

Also between June 2006 and January 27, 2015, White, Byrd, Johnson, McWherter and HALE, as well as Defendants Tashun White and Kristie McWherter, while knowing the property and other items involved represented the proceeds of some form of unlawful activity, did knowingly enter into an agreement to conduct financial transactions involving the proceeds of drug trafficking on multiple occasions, with the intent to (1) promote drug trafficking, (2) conceal and disguise the nature, source, ownership and control of the drug trafficking proceeds, (3) avoid transaction reporting requirements under federal law, or, (4) conduct and cause to be conducted monetary transactions involving $10,000.00 or more in drug trafficking proceeds.

Among such financial transactions, by utilizing wire transfer payments and other means, White, McWherter and HALE used funds that were proceeds from drug trafficking to acquire, lease and attempt to purchase a house on Maddock Road in Phoenix, which they, along with Byrd and Johnson, collectively used to receive and distribute marijuana destined for Detroit and as a location where they, including HALE, collectively received, handled and forwarded cash drug trafficking proceeds to purchase more marijuana for distribution.

Also among such financial transactions, McWherter and HALE deposited and had others deposit cash drug trafficking proceeds into the Chase Bank accounts of Prototype Engineering, a business controlled by McWherter, and on more than one occasion obtained checks and corresponding W-2 forms from Prototype Engineering purporting to have been provided for legitimate work, knowing the financial transactions were designed to conceal and disguise the true source and nature of the drug trafficking funds.

Comparably among such financial transactions, in approximately June/July 2009, while concealing the true source and nature of the drug trafficking funds involved in the monetary transaction, HALE utilized roughly $37,000.00 in drug trafficking proceeds to purchase a customized 2010 Chevrolet Camaro from an individual seller and the seller's finance company, GMAC Finance, who collectively transferred title to the vehicle to HALE in August 2009 in exchange for the funds.

5

## 2.   SENTENCING GUIDELINES

### A.   Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.   Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **87 – 108 months imprisonment**, as set forth in the attached, stipulated Sentencing Guideline worksheets.[1]

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets; or,

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer, otherwise demonstrated a lack of acceptance of responsibility for his offense(s), or obstructed justice or committed any crime;

---

[1] As reflected in the attached, stipulated Sentencing Guideline worksheets, unless the government learns of new information to the contrary, **defendant will be eligible for a reduction of two levels in defendant's combined adjusted offense level, under Section 3E1.1(a) of the sentencing guidelines**, because defendant will have accepted responsibility for defendant's offense, as demonstrated by *the anticipated, truthful admission of defendant's participation in that offense.*

Further, **Defendant will be eligible for, and the government hereby moves the Court for, an additional reduction of one level in defendant's combined adjusted offense level, pursuant to Section 3E1.1(b),** because defendant will have assisted in the investigation and prosecution of defendant's own misconduct by *timely notifying the government of defendant's intention to enter a plea of guilty.*

6

and if any such finding results in a guideline range higher than **87 – 108 months imprisonment**, the higher guideline range becomes the agreed upon range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed guideline range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

## 3.   SENTENCE

The Court will impose a sentence pursuant to Title 18, United States Code, Section 3553, and in doing so, must consider the sentencing guideline range.

### A.   Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

**B.**   **Supervised Release**

If defendant is sentenced to one year in prison, or less, the court may also order that, following release from prison, defendant be placed on **supervised release for at least 5 years.**  If defendant is sentenced to imprisonment for more than one year, such a term of supervised release ***shall*** be imposed. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.**   **Special Assessment(s)**

Defendant will pay a special assessment of **$200.00** and shall provide the government with a receipt for the payment before sentence is imposed.

**D.**   **Fine**

There is no agreement on the fine. The Court may impose a fine on each count of conviction in any amount up to **$10 million as to Count One** and up to **$500,000.00 as to Count Three or twice the value of the property involved in the conspiracy, whichever is greater.**

**E.**   **Restitution**

Restitution is not applicable to this case.

8

**F.**   **Forfeiture**

As part of this agreement, pursuant to 21 U.S.C. § 853, defendant, **Gregory Johnson,** agrees to forfeit his interest in the following: (a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of defendant's violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Indictment; and (b) any property, real or personal, involved in the commission of defendant's violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Indictment.

Defendant also agrees, pursuant to 21 U.S.C. § 853 and Federal Rules of Criminal Procedure 32.2, to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of **One Hundred, Twenty-Five Thousand ($125,000) dollars** which sum represents a portion of the proceeds obtained as a result of defendant's Title 21 violations as described in Count One of the Indictment.

Defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, upon application by the United States at, or any time before, his sentencing in this case, containing the forfeiture money judgment in the amount of **$125,000.00** and any other property identified before sentencing

that is subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of defendant's Title 21 violations as described in Count One of the Indictment.

If any later-identified assets are forfeited to the United States in this case, pursuant to 21 U.S.C. § 853, as a result of defendant's conviction on Count One of the Indictment, the amount *owed* by defendant on the money judgment will be reduced by the net amount the government obtains from the liquidation of such later-identified forfeited assets.

Pursuant to 21 U.S.C. § 853(p), if, by any act or omission of defendant, the property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, defendant agrees to the forfeiture of any of his other real or personal property, up to the value of such unavailable assets.

Defendant expressly waives his right to have a jury determine the forfeitability of his interest in any property subject to forfeiture as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

Defendant knowingly, voluntarily, and intelligently waives any challenge to

the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4.     **COOPERATION AGREEMENT**

Any comparably captioned, written cooperation agreement between defendant and the government in this matter, entered into on this same date and filed under seal, is part of this plea agreement. Such document may or may not exist.

5.     **USE OF WITHDRAWN GUILTY PLEA**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made

11

under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

**6.   OTHER CHARGES**

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

**7.   EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

**8.   RIGHT TO APPEAL**

Defendant waives any right he may have to appeal his conviction on any grounds. If defendant's sentence of imprisonment *does not exceed **108 months**,

defendant also waives any right he may have to appeal his *sentence* on any grounds. If defendant's sentence of imprisonment is at least **87 months**, the government waives any right it may have to appeal defendant's sentence. Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the defendant properly raises such claim by collateral review under 28 U.S.C. § 2255.

## 9.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13

## 10.  PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 11.  SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

14

12. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on Tuesday, July 19, 2016.** The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

Dated: 7.6.16

CARL D. GILMER-HILL
Assistant United States Attorney

STEVEN P. CARES
Assistant United States Attorney
Chief, Drug Task Force Unit

JULIE BECK
Assistant United States Attorney
Chief, Forfeiture/Financial Litigation

### Acknowledgment, Understanding and Acceptance

By signing below, defendant acknowledges that he has read (or been read) this entire document (including attached worksheets), understands it, has discussed it with his attorney, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

NICHOLAS SCOTT HALE
Client/Defendant
Dated: 8-9-16

ELIAS MUAWAD, Esq.
Counsel for Client/Defendant
Dated: 8-9-16

15

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.   However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS   (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2D1.1 (a)(5), (c)(1) | Consp. to Possess w/ Intent to Distribute >1,000 kgs Marijuana: *1,270 kgs mj seized February 3, 2010* | 30 |
| 2D1.1 (a)(5)(A) & (B) | ~ high quantity drug off mitig role reduction | N/A |
| 2D1.1 (b)(12) | ~ maintain premises for purpose of distributing controlled substance: *1108 W. Maddock Rd., Phoenix, AZ* | +2 |
| 2D1.1(b)(15)(A) | ~ def receives agg role adjustment and used friendship/affection to involve another who rec'd little or no compensation/had minimal knowledge: *Stephonia T. and Jennifer T.* | N/A |
| 2D1.1 (b)(17) | ~ safety valve | -2 |

## 2.    ADJUSTMENTS   (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1 | Aggravating Role Enhancement: Mgr/Supvsr of Crim Activity >5 | N/A |
| 3B1.2 | Mitigating Role Reduction:   minor participant | N/A |
| 3B1.3 | Use of Special Skill: *Vehicle Customization w/ Traps* | +2 |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**32**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

1of2

*If the defendant has no criminal history, check this box and skip Worksheet C.*

Rev.  8/2010.

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.   However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2S1.1 (a)(1) | Money Laundering/Monetary Transactions in Property Derived from Unlawful Activity:   Base Offense Level for Underlying Offense | 30 |
| | | |
| 2S1.1 (b)(2)(B) | ~ Def convicted under 18 USC § 1956 | +2 |
| | | |
| | | |
| | | |

## 2.   ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1 | Aggravating Role Enhancement: | N/A |
| 3B1.2 | Mitigating Role Reduction: | N/A |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.   If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**32**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*    2of2

*If the defendant has no criminal history, check this box and skip Worksheet C.*

Rev.  8/2010

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

# WORKSHEET B    (Multiple Counts)

## Instructions   (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.   "All counts involving substantially the same harm shall be grouped together into a single Group."   (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.   (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1.   **GROUP ONE:** COUNT(S)   _1 & 3_
     ADJUSTED OFFENSE LEVEL

| 32 | | 1 unit |

2.   **GROUP TWO:** COUNT(S)   _____
     ADJUSTED OFFENSE LEVEL

| | | 1 unit |

3.   **GROUP THREE:** COUNT(S)   _____
     ADJUSTED OFFENSE LEVEL

| | | unit |

4.   **GROUP FOUR:** COUNT(S)   _____
     ADJUSTED OFFENSE LEVEL

| | | unit |

5.   **TOTAL UNITS**

| | | 1 units |

6.   **INCREASE IN OFFENSE LEVEL**

     1 unit ➔ no increase            2 1/2 - 3 units ➔ add 3 levels
     1 1/2 units ➔ add 1 level       3 1/2 - 5 units ➔ add 4 levels
     2 units ➔ add 2 levels          > 5 levels ➔ add 5 levels

| 0 levels |

7.   **ADJUSTED OFFENSE LEVEL OF GROUP
     WITH THE HIGHEST OFFENSE LEVEL**

| 32 |

# 8.   COMBINED ADJUSTED OFFENSE LEVEL

| 32 |

Enter the sum of the offense levels entered in Items 6 and 7.

Rev.  8/2010

| Defendant: | Nicholas Scott Hale | Count(s): | One and Th |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

# WORKSHEET C    (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):    June 2006

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months    (U.S.S.G. §§ 4A1.1(a)):    3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days    (U.S.S.G. § 4A1.1(b)):    2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences    (U.S.S.G. §§ 4A1.1(c)):    1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).
NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

Rev.  8/2010

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

(WORKSHEET C,   p. 2)

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.   (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)   List the type of control and identify the sentence from which it resulted.

N/A

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE   (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.   But enter no points where the sentences are considered related because the offenses occurred on the same occasion.   (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related.   NOTE:   No more than 3 points may be added under this item.

N/A

## 4. TOTAL CRIMINAL HISTORY POINTS

Enter the sum of the criminal history points entered in Items 1-4.

0

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |

N/A

I

Rev.  8/2010

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

# WORKSHEET D    (Guideline Range)

**1.     (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of  Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

> 32

**2.     ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY   (U.S.S.G § 3E1.1)**

> -3

**3.     TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 29

**4.     CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.   Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

**5.     CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a.   Total Offense Level:   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

> N/A

    b.   Criminal History Category:   If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

> N/A

**6.     GUIDELINE RANGE FROM SENTENCING TABLE   (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 87 - 108 months

**7.     STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (See U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

> 10 yr. mand. min N/A

10 yr mandatory minimum per 21 USC § 841(b)(1)(A)(vii) based on >1,000 kg marijuana *not applicable due to safety-valve eligibility*

Rev.  8/2010

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

# WORKSHEET E    (Authorized Guideline Sentences)

**1.    PROBATION   (U.S.S.G. ch. 5, pt. B)**

   a.   <u>Imposition of a Term of Probation</u>   (U.S.S.G. § 5B1.1)

[X]   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).   If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

   3.3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b.   <u>Length of Term of Probation</u>   (U.S.S.G. § 5B1.2)

[ ]   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

   2.   No more than 3 years (total offense level < 6).

   c.   <u>Conditions of Probation</u>   (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

**2.    SPLIT SENTENCE   (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]   a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).   The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).   The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.    IMPRISONMENT   (U.S.S.G. ch. 5, pt. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).   (*See* U.S.S.G. § 5C1.1.)

Rev.  8/2010

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

**(WORKSHEET E, p. 2)**

## 4.   SUPERVISED RELEASE   (U.S.S.G. ch 5., pt. D)

a.   Imposition of a Term of Supervised Release   (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.   The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   Length of Term of Supervised Release   (U.S.S.G. § 5D1.2)

| | | |
|---|---|---|
| ☐ | 1.1. | At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years. |
| ☐ | 2. | At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years. |
| ☐ | 3. | 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years. |
| ☒ | 4. | The statute of conviction requires a minimum term of supervised release of __60__ months. |

c.   Conditions of Supervised Release   (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.   RESTITUTION  (U.S.S.G. § 5E1.1)

| | | |
|---|---|---|
| ☐ | 1. | The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts. |
| ☐ | 2. | The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $____. |
| ☐ | 3. | The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $____.  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.) |
| ☐ | 4. | The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $____.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.) |
| ☒ | 5. | Restitution is not applicable. |

Rev.  8/2010

| Defendant: | Nicholas Scott Hale | Count(s): | One and Three |
|---|---|---|---|
| Docket No.: | 15-20040 | Statute(s): | 21 USC §§ 841(a)(1), 846; 18 USC § 1956 |

**(WORKSHEET E, p. 3)**

## 6. FINE  (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)   Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)   However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 30,000.00 | $ 10,000,000.00 |

## 7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:
$ 100.00 for every count charging a felony ($400 for a corporation)
$   25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$   10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$     5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 200.00  .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

| X   Assets of the defendant will be forfeited. | | Assets of the defendant will not be forfeited. |
|---|---|---|

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

**Except as indicated in these worksheets and the attached Rule 11 Plea Agreement, no other guideline, policy statement or statutes are applicable in the absence of a later, joint stipulation between defendant and the government providing otherwise.**

## 10. UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

**Except as referenced in this agreement and these worksheets, no other aggravating or mitigating circumstances are applicable, in the absence of a later, joint stipulation between defendant and the government stating otherwise.**

Rev.  8/2010