UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                             Case No: 5-15-cr-20040-005
                             Judge: Judith Levy

-v-

NICHOLAS SCOTT HALE,

    Defendant.

---

| Carl D. Gilmer Hill | Elias Muawad (P41632) |
|---|---|
| U.S. Dept of Justice | Law Offices of Elias Muawad, PC |
| 211 West Fort St, Ste. 2001 | Attorney for Defendant |
| Detroit, Michigan 48226 | 40700 Woodward Ave, Ste. 305 |
| (202) 257-3292 | Bloomfield Hills, Michigan 48304 |
| carl.gilmer-hill@usdoj.gov | (248) 594-4700 |
| | elias@muawadpc.com |

---

## DEFENDANT'S SENTENCE MEMORANDUM

NOW COMES, the Defendant, NICHOLAS SCOTT HALE, by and through his attorney, Elias Muawad, and files this Sentence Memorandum by stating the following:

## INTRODUCTION

Nicholas Hale will appear before the court for sentencing, having pled guilty to one count of Conspiracy to Possess with Intent to Distribute Marijuana over 1000 kilograms, 21 USC §846, §841 (a)(1) and §841(b)(1)(A)(VII).

## THE FACTORS

The factors set forth in 18 USC §3553(A) that guides a judge in determining the appropriate sentence since the Supreme Court's landmark decision in United States v. Booker, 543 US 220 (2005), are well known to the court, as is the requirement that the court impose "a sentence sufficient, but not greater than necessary, to comply with"

those purposes. In United States v. Gall, 522 US 38 (2007), a sentencing judge " must make an individualized assessment based on facts presented."

Although the promulgation of the guidelines was an attempt by Congress to promote uniformity in sentencing, Booker and its progeny, as well as the factors set forth in 18 USC §3553(A) made clear that sentencing involves more than a formulaic response to crime and punishment, and requires the sentencing court to consider offender characteristics that go beyond the simple issue of criminal history, the only guideline factor that speaks to the offender. Indeed, in United States v. Gall, 522 US 38, 128, S. CT. 586, 596 (2007), the Supreme Court specifically stated that a formulaic approach to sentencing is inappropriate;

> What percentage, if any, should be assigned to evidence that a defendant possesses no future threat to society, or to evidence that innocent third parties are dependent on him? The formula is a classic example of attempting to measure an inventory of apples by counting oranges.

The Supreme Court also made clear that under the factors in §3353(a), there is a need to make an individualized assessment based on the facts presented by the case. The Gall court at 596-597 stated that whatever the sentence the court may deem appropriate, the District Judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. In doing so, you may presume that the guideline range is reasonable but may make an individualized assessment based on facts presented.

In Koon v. United States, 518 US 81, 113 (1996), the only guideline factor that addresses the offender's life and character is criminal history and that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensue." Id at 598.

There is no doubt that Mr. Hale has taken responsibility for his conduct. Under §3553(a), the court, in addition to the guideline range, should consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(7) the need to provide restitution to any victims of the offense.

### 1. The nature and circumstances of the offense and the history and characteristics of the defendant

#### a. The nature and circumstances of the offense

Although the Pre-sentence Report by the probation department has a wonderful statement regarding Mr. Hale's personal family data, this attorney will re-iterate some of them.

Mr. Hale was born on April 14, 1978 in Warren, Michigan. Mr. Hale does have a living mother who later remarried. Mr. Hale's mother is 65 years old and is retired. Mr. Hale also has a brother, Jason Hale and an older paternal half sister, Rhonda Hale.

Probably of good fortune to Mr. Hale is the fact that his mother married Jack

Purney in 1988 and Mr. Hale considers Jack as his father. Unfortunately Jack is 68 years old and suffers from cardiovascular issues. Mr. Hale was raised in Macomb County by both his mother and his stepfather and had a good relationship with both.

Also of a positive note is that Mr. Hale has had a steady relationship with Cheryl Haley since 2012 and they both work together in the landscaping business.

Mr. Hale has lived in Clinton Township and Fraser Michigan until he was 12 years old.

Mr. Hale did get involved in the activities that he was indicted and pled guilty to because in essence he had nothing going on in his life at that point in time and as he said to the writer of his Pre-Sentence Report, that he has been trying to pick up the pieces since the incident occurred.

To Mr. Hale's positive issues is the fact that he has started his own business almost four years ago along with his fiancee Cheryl Haley. Mr. Hale has been taking care of his parents and helping out with their bills. This attorney has met the parents.

Additionally, a very important issue to the court is that Mr. Hale has not had any criminal law activity since February of 2010.

As far as the health of Mr. Hale, he does have scoliosis from which he has had since he was a young adult and he did become involved in a multiple vehicle accident while he was a police officer for the Detroit Police Department some years back which caused him nerve damage to his neck, back and hands. As a result of the ALS in his right had, the Defendant underwent surgery in 2006 to repair the nerve damage.

Today, the Defendant is under the care of a doctor who is prescribing him Motrin and Oxycodone for the relief of his pain along with 1ml testosterone every two weeks.

Mr. Hale's mother believes that Mr. Hale did suffer or still suffers from PTSD due to his prior police work in that the Defendant suffered the loss of his partner several

years ago and was greatly remorseful.

Mr. Hale did attend L'Anse Creuse High School in Harrison Twp from 1993 to 1997. While in high school, Mr. Hale participated in vocational training for auto body and paint.

Mr. Hale had a brief stint with Detroit Police Department.

Since 2013 he has owned a successful landscape business.

### b. The nature and circumstances of the offense and the history and characteristics of the defendant

The court should take into consideration that Mr. Hale has rehabilitated himself since March of 2010. A lengthy incarceration will detract from Mr. Hale's latest success.

### c. Seriousness of the offense, promoting respect for law and providing just punishment

Drug delivery is a serious offense. Mr. Hale has taken responsibility for his actions and understanding of the seriousness of his conduct. Mr. Hale has since March of 2010, acted appropriately. Mr. Hale can be compliant with the law.

Mr. Hale has also complied with all of his bond requirements.

### d. §3553(a)(2)(B)&(C): Deterrence and Protection for the Public

It is clear that incarceration because of the amount of drugs is probably going to occur to Mr Hale. However, it is requested that this Court take into consideration what has occurred to Mr. Hale since March of 2010.

### e. §3553(a)(2)(D); To provide Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Mr. Hale has some vocational skills but will avail himself to any and all programs that would help him further, his education. It is believed that Mr. Hale has the type of personality that will help other people while incarcerated especially the younger kids.

### f. §3553(a)(3); The Kinds of Sentences Available

Mr. Hale is ineligible for probation because of the applicable guideline range. However, this Court can take into consideration all of the mitigating factors regarding Mr. Hale and other matters that will be discussed at the time of sentencing.

### g. §3553(a)(4); Advisory Guideline Range and Statements by the Sentencing Commission

The advisory guideline range for Mr. Hale has been agreed to but again, this attorney is requesting that this Court consider all of the mitigating circumstances.

### h. §3553(a)(6); Avoiding Unwarranted Sentencing Disparities

As of the time of writing this Sentence Memorandum, all of the co-defendants have accepted plea agreements except for one defendant who went to trial and was found guilty just recently. It is believe that Mr. Hale based upon everything that has been said and other issues that will be said, would be entitled to less of a sentencing amount of years to the Federal Bureau of Prisons.

### i. §3553(a)(7); The Need to provide Restitution to any Victims of the Offense

It is not believed that restitution is an issue.

### CONCLUSION

Counsel respectfully suggests a sentence appropriate from the statements made in this Sentence Memorandum.

Respectfully submitted,

/s/ Elias Muawad
Elias Muawad (P41632)
Attorney for Defendant
40700 Woodward Ave, Ste. 305
Bloomfield Hills, MI 48304
(248) 594-4700
elias@muawadpc.com

Dated: January 3, 2017.

# CERTIFICATE OF SERVICE

    I hereby certify that on <u>January 3, 2017,</u> I served Defendant Nichols Hale's Sentence Memorandum and this Certificate of Service via ECF file and serve to the following party:

    Carl D. Gilmer-Hill, U.S. Dept of Justice
    carl.gilmer-hill@usdoj.gov

    /s/ *Elias Muawad*
    Elias Muawad  (P41632)
    Attorney for Defendant
    40700 Woodward Avenue, Suite 305
    Bloomfield Hills, Michigan 48304
    (248) 594 - 4700
    E-Mail: elias@muawadpc.com

Dated: December 27, 2016.